**Pattern Crim. Jury Instr. 11th Cir. TI T6 (2019)**

Federal Jury Practice And Instructions

Pattern Jury Instructions: Eleventh Circuit, Criminal Cases With Annotations and Comments
Prepared by Committee on Pattern Jury Instructions of the Judicial Council of the Eleventh Circuit

Trial Instructions

T6 Forfeiture Proceedings (To be given before supplemental evidentiary proceedings or supplemental arguments of counsel)

Members of the Jury:

Your verdict in this case doesn't complete your jury service as it would in most cases because there is another matter you must now consider.

You must decide whether the Defendant[s], _____, should forfeit certain [money or] property to the United States as a part of the penalty for the crime charged in Count ___ of the indictment.

In a portion of the indictment not previously discussed or disclosed to you, it is alleged that the Defendant[s] got certain [money or] property from committing the offense charged in Count ___. In view of your verdict finding the Defendant[s] guilty of that offense, you must also decide whether the [money or] property should be forfeited to the United States.

To "forfeit" a thing is to be divested or deprived of the ownership of it as a part of the punishment allowed by the law for certain criminal offenses.

To decide whether [money or] property should be forfeited, you should consider all the evidence you have already heard plus any additional evidence that will be presented to you after these instructions.

A copy of the forfeiture allegations of the indictment will be given to you to consider during your supplemental deliberations. It describes in particular the [money or] property allegedly subject to forfeiture to the United States.

[List or summarize the items subject to forfeiture]

To be entitled to the forfeiture of any of those items, the Government must have proved [beyond a reasonable doubt] [by a preponderance of the evidence]:

Option No. 1

(Forfeitures under 🔖 18 USC § 982)

First: That the [money or] property to be forfeited constitutes the proceeds the Defendant obtained directly or indirectly as the result of the crime charged in Count ___ of the indictment;

**OR**

Second: That the [money or] property to be forfeited [was derived from] [traceable to] the proceeds the Defendant obtained directly or indirectly as the result of the crime charged in Count ___ of the indictment.

Option No. 2

Case 1:19-cr-20693-PAS Document 84-4 Entered on FLSD Docket 09/28/2021 Page 2 of 5

Pattern Crim. Jury Instr. 11th Cir. TI 16 (2019), Pattern Crim. Jury Instr. 11th Cir. TI...

(RICO — 18 USC § 1963(a))

First:  That the [sum of money or proceeds] [property] sought to be forfeited constituted an
interest acquired by the Defendant, as charged;

Second:  That the interest [was acquired by the Defendant as a result of the conduct of the
enterprise's affairs through the pattern of racketeering activity] [constituted or was
derived from proceeds that the Defendant obtained, directly or indirectly, from
racketeering activity] committed by the Defendants as charged in Count ____ in violation
of Title 18, United States Code, § 1962(c).

Option No. 3

(Child Pornography — 18 USC § 2253)

First:  That the property to be forfeited is a visual depiction, or other matter containing a visual
depiction, that was [produced] [transported] [received] in violation of [cite statutory
offense of conviction].

**OR**

Second:  That the property to be forfeited constituted, or is traceable to, gross profits or other
proceeds obtained from the offense Defendant was convicted of.

**OR**

Third:  That the property to be forfeited was used or intended to be used to commit or to
promote committing the offense Defendant was convicted of.

Option No. 4

(Drug Offenses — 21 USC § 853)

First:  That the property to be forfeited constitutes, or was derived from, the proceeds the
Defendant obtained, directly or indirectly, as the result of committing the offense
charged in Count ____ of the indictment,

**OR**

Second:  That the property to be forfeited was used, or was intended to be used, in any manner or
part, to commit or to help commit, the offense charged in Count ____ of the indictment.

[Before you can find that the Defendant must forfeit any property under either of those standards, you must unanimously agree
upon which of the two standards should be applied in forfeiting a particular asset.]

[Proof "beyond a reasonable doubt" has the same meaning that I explained to you in my instructions at the end of the trial.]


**OR**

[A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or
contention is more likely true than not true.]

[To be "derived" from something means that the [money or] property under consideration must have been formed or developed
out of the original source so as to be directly descended from that source.]

[To be "traceable" to something means that the [money or] property under consideration must have followed an ascertainable
course or trail in successive stages of development or progress from the original source.]

[To "facilitate" the commission of an offense means to aid, promote, advance, or make easier, the commission of the act or acts
constituting the offense. There must be more than an incidental connection between the property and the offense for you to find
that the property facilitated, or was intended to facilitate, committing the offense. But the property doesn't have to be essential
to committing the offense, nor does the property have to have been used exclusively to commit the offense or as the exclusive
means of committing the offense. Property used to facilitate an offense can be in virtually any form.]

While deliberating concerning the issue of forfeiture you must not reexamine your previous determination regarding the
Defendant's guilt. But all the instructions previously given to you concerning your consideration of the evidence, the credibility

Case 1:19-cr-20693-PAS   Document 84-4   Entered on FLSD Docket 09/28/2021   Page 3 of 5

Pattern Crim. Jury Instr. 11th Cir. ¶ T6 (2019), Pattern Crim. Jury Instr. 11th Cir. T1...

of the witnesses, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias, or sympathy, and the necessity of a unanimous verdict, will continue to apply during these supplemental deliberations. [The specific instructions I gave you earlier concerning Count ___ and the definitions of the terms "enterprise" and "pattern of racketeering activity" also continue to apply.]

**ANNOTATIONS AND COMMENTS**

Federal Rule of Criminal Procedure 32.2 provides:

> (a) <u>Notice To The Defendant</u>. A court shall not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute.

> ...

> (b)(4) Upon a party's request in a case in which a jury returns a verdict of guilty, the jury shall determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

18 U.S.C. § 982, entitled "Criminal Forfeiture," is a general statute that provides for the forfeiture of property interests as a part of the sentence for a variety of offenses enumerated in the several subsections of the statute. The definition of the nexus that must be shown to exist between the offense and the property as a prerequisite to forfeiture differs slightly from one subsection to the next:

| | |
|---|---|
| 982(a)(1) | "involved in such offense" "traceable to such property" |
| 982(a)(2) | "constituting or derived from proceeds … obtained directly or indirectly as the result" |
| 982(a)(3) | "which represents or is traceable to the gross receipts obtained directly or indirectly as a result" |
| 982(a)(4) | "obtained directly or indirectly, as a result" |
| 982(a)(5) | "which represents or is traceable to the gross receipts obtained directly or indirectly as a result" |
| 982(a)(6) | "any conveyance … vessel, vehicle or aircraft used" <u>or</u> "constitutes or is derived from or is traceable to proceeds obtained directly or indirectly from" <u>or</u> "is used to facilitate" |
| 982(a)(7) | "constitutes or is derived directly or indirectly from gross proceeds traceable to" |
| 982(a)(8) | "used to facilitate" <u>or</u> "constituting, derived from or traceable to" |

Extreme care must be taken, therefore, in adapting and tailoring elements of proof as stated in this instruction to the standards stated in the specific subsection of § 982 applicable to the case.

18 U.S.C. § 1963(a) (RICO) provides:

> Whoever violates any provision of section 1962 of this chapter … shall forfeit to the United States (1) any interest the person has acquired or maintained in violation of section 1962; (2) any interest in; security of; claim against; or property or contractual right of any kind affording a source of influence over any enterprise which the person has established, operated, controlled, conducted,

Case 1:19-cr-20693-PAS Document 84-4 Entered on FLSD Docket 09/28/2021 Page 4 of 5

Pattern Crim. Jury Instr. 11th Cir. TI T6 (2019), Pattern Crim. Jury Instr. 11th Cir. TI...

or participated in the conduct of, in violation of section 1962; and (3) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity … in violation of section 1962.

18 U.S.C. § 2253 (Child Pornography) provides:

(a) Property subject to criminal forfeiture. — A person who is convicted of an offense under this chapter [18 U.S.C. §§ 2251 et seq.] involving a visual depiction described in section 2251, 2251A, 2252, 2252A, or 2260 of this chapter, or who is convicted of an offense under section 2421, 2422, or 2423 of chapter 117 [18 U.S.C. §§ 2421 et seq.], shall forfeit to the United States such person's interest in —

(1) any visual depiction described in section 2251, 2251A, or 2252 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;

(2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

(3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

21 U.S.C. § 853(a) (Drug Offenses) provides:

Any person convicted of a violation of this subchapter of subchapter II of this chapter [21 U.S.C. §§ 951 et seq.] punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law —

(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and

(3) in the case of a person convicted of engaging in a continuing criminal enterprise [the defendant forfeits any interest in the enterprise itself]

With respect to the forfeitures under 18 U.S.C. § 982, the preponderance of the evidence standard applies. United States v. Cabeza, 258 F.3d 1256 (11th Cir. 2001) (holding also that the principle of *Apprendi* does not apply to forfeiture proceedings).

With respect to the Government's burden of proof under 18 U.S.C. § 1963 (RICO), the Eleventh Circuit has not squarely decided the issue. See *United States v. Goldin Industries, Inc.*, 219 F.3d 1271, 1278 at note 10 (11th Cir. 2000) ("The

Case 1:19-cr-20693-PAS   Document 84-4   Entered on FLSD Docket 09/28/2021   Page 5 of 5

Pattern Crim. Jury Instr. 11th Cir. T1 T6 (2019), Pattern Crim. Jury Instr. 11th Cir. T1...

government contends for the first time on appeal that the correct burden of proof is preponderance of the evidence rather than beyond a reasonable doubt. We have never decided this issue with respect to RICO's forfeiture provision. We need not decide the issue here …").

Other Circuits, however, have held that the beyond a reasonable doubt standard applies. *See* United States v. Pelullo, 14 F.3d 881, 906 (3d Cir. 1994) (holding that government, in a criminal forfeiture proceeding under 18 U.S.C. § 1963(a), must prove beyond a reasonable doubt that the targeted property was derived from the defendant's racketeering activity); United States v. Horak, 833 F.2d 1235, 1243 (7th Cir. 1987). *See also* *United States v. Houlihan*, 92 F.3d 1271, 1299 at note 33 (1st Cir. 1996) (affirming district court's instruction that the government had the burden of proving entitlement to forfeiture pursuant to 18 U.S.C. § 1963(a) beyond a reasonable doubt, but noting that "the government may have conceded too much," and that the question was open).

In United States v. Anderson, 782 F.2d 908, 918 (11th Cir. 1986), the Eleventh Circuit held that "[a] defendant's conviction under the RICO statute subjects *all* of his interest in the enterprise to forfeiture 'regardless of whether those assets were themselves "tainted" by use in connection with the racketeering activity.'"

With respect to forfeitures sought under 21 U.S.C. § 853, the Eleventh Circuit has held that the preponderance of the evidence standard applies. United States v. Elgersma, 971 F.2d 690, 697 (11th Cir. 1992) (en banc) (holding that the preponderance standard applies in § 853(a)(1) forfeitures); United States v. Dicter, 198 F.3d 1284, 1289 (11th Cir. 1999) (the preponderance of the evidence standard governs forfeitures under § 853(a)(2)).

21 U.S.C. § 853(d) creates a rebuttable presumption that property is subject to forfeiture if the Government proves by a preponderance of the evidence that the drug offender (1) acquired the property during the period of time the offense of conviction was committed, or within a reasonable time thereafter, and (2) there was no likely source for such property other than the offense.

With respect to forfeiture proceedings under 18 U.S.C. § 2253, the statute (subsection (e)) requires proof beyond a reasonable doubt.

---

**End of Document** © 2019 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.   5